IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CT-3291-D

MICHAEL ANTHONY DILWORTH,            )
                                     )
            Plaintiff,               )
                                     )
    v.                               )         **ORDER**
                                     )
ED MCMAHON, et al.,                  )
                                     )
            Defendants.              )

On November 25, 2013, Michael Anthony Dilworth ("Dilworth" or "plaintiff"), a former pretrial detainee proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, together with several attachments that clarify some of his factual allegations. Compl. [D.E. 1], Atts. [D.E. 1-1]. Dilworth proceeds in forma pauperis [D.E. 4]. On May 15, 2014, Dilworth moved to amend his complaint to include additional defendants [D.E. 5]. When an inmate seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotation omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted).

Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). The court grants Dilworth's motion to amend [D.E. 5], and reviews all of Dilworth's filings to determine whether he has stated a claim.

Dilworth asserts several claims arising out of his confinement in the New Hanover County Detention Center ("NHCDC"). First, Dilworth alleges that on April 2, 2013, he "requested a 1st appearance" from defendant Whitmore, who responded "When they get ready for you they will send for you." Compl. [D.E. 1] 3. Dilworth also identifies defendant Marino as a "key defendant" in connection with this claim. Mot. Amend [D.E. 5] 1.

Next, Dilworth alleges that on May 11, 2013, he "was attacked by another prisoner named D. Smith," that defendant R. Johnson placed him in "45 days disciplinary segregation without a hearing" in response, and that defendant Fales "upheld the 45 days [disciplinary segregation] with no hearing . . . denying due process." Compl. 3; [D.E. 1-1] 6. Dilworth attributes the assault to a failure by defendants White and Thomas, both NHCDC detention officers, to supervise the housing unit where the assault took place. [D.E. 1-1] 6; Mot. Amend 1.

Next, Dilworth alleges that on July 5, 2013, defendants Cookson and Trott "attacked" Dilworth, and that defendant Adams "placed [Dilworth] in disciplinary segregation again for 45 days without a hearing." Compl. 3; [D.E. 1-1] 2; Mot. Amend 1. Dilworth states that the segregation housing unit contained "psychotic prisoners" and describes the conditions of the housing unit as unsanitary and "causing sleep deprivation" due to "pandemonium and bedlam." Compl. 3–4.

2

Dilworth complained to defendant L. Robinson about the housing conditions "but [Robinson] never did anything about it" other than speaking to a sergeant. Id. 4; [D.E. 1-1] 8. Dilworth names as additional defendants New Hanover County Sheriff Ed McMahon and Lieutenant Travis Robinson, who appears to have responded to grievances Dilworth filed. Compl. 2–4; [D.E. 1-1] 2, 4, 10. Dilworth seeks "fair and appropriate" damages. Compl. 4.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Courts evaluate confinement conditions of pretrial detainees under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). As a practical matter, the analysis under the due process clause and the analysis under the Eighth Amendment is materially indistinguishable. See, e.g., Riley v. Dorton, 115 F.3d 1159, 1166–67 (4th Cir. 1997) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010) (per curiam); Hill v. Nicodemus, 979 F.2d 987, 991–92 (4th Cir. 1992). "In order to make out a prima facie case that prison conditions violate the [Constitution], a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted); see Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). The first prong requires the plaintiff to show that "the deprivation of [a] basic human need was objectively

sufficiently serious." Strickler, 989 F.2d at 1379 (emphasis and quotation omitted). Under the second prong, the plaintiff must show that "subjectively the officials act[ed] with a sufficiently culpable state of mind." Id. (emphasis and quotation omitted) (alteration in original).

To meet the subjective prong, a plaintiff must show that the official acted with deliberate indifference. See, e.g., Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Strickler, 989 F.2d at 1379. "[D]eliberate indifference entails something more than mere negligence," but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Deliberate indifference requires that an official "actually know of and disregard an objectively serious condition, medical need, or risk of harm." Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); see Farmer, 511 U.S. at 837–38; Estelle v. Gamble, 429 U.S. 97, 104–05 (1976); Waybright v. Frederick Cnty., Md., 528 F.3d 199, 206 (4th Cir. 2008).

As for Dilworth's claim against defendants Marino and Whitmore concerning his "request[ for] a 1st appearance," Dilworth fails to state a claim. See Wiley v. Buncombe Cnty., 846 F. Supp. 2d 480, 483 (W.D.N.C. 2012), aff'd, 474 F. App'x 285 (4th Cir. 2012) (per curiam) (unpublished); Keeney v. Cabell Cnty. Prosecuting Attorney's Office, No. 3:12-CV-01922, 2012 WL 4339065, at *1–2 & n.4 (S.D. W. Va. Aug. 31, 2012) (unpublished), report and recommendation adopted, 2012 WL 4339064 (S.D. W. Va. Sept. 21, 2012) (unpublished). Thus, the court dismisses the claim and defendants Marino and Whitmore.

To the extent Dilworth alleges that defendants White and Thomas failed to protect him from being assaulted by another inmate, he fails to state a claim. Prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833 (quotation omitted); see Hudson v. Palmer, 468 U.S. 517, 526–27 (1984); Price v. Sasser, 65 F.3d 342, 345 (4th

4

Cir. 1995); Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987). However, Dilworth has not alleged that White and Thomas knew of and disregarded an excessive risk to Dilworth's safety. See Farmer, 511 U.S. at 837–38; Danser v. Stansberry, No. 13-1828, 2014 WL 2978541, at *5–6 (4th Cir. July 3, 2014) (unpublished). Mere negligence is not enough. Farmer, 511 U.S. at 838; Danser, 2014 WL 2978541, at *6–7. Moreover, a prison "official's failure to alleviate a significant risk of harm to an inmate that he should have perceived but did not" does not violate due process. Farmer, 511 U.S. at 838. Dilworth's conclusory allegations concerning the assault fail to state a claim. Thus, the court dismisses this claim and defendants White and Thomas.

Dilworth also may not proceed with any claim against Sheriff McMahon or Lieutenant Travis Robinson. As for McMahon, Dilworth names him because he "is over the whole jail and is responsible for everything that happens there whether he is aware of it or not." Compl. 4. Thus, Dilworth names Sheriff McMahon on a theory of supervisory liability. However, the doctrine of respondeat superior generally does not apply to a section 1983 action. See, e.g., Iqbal, 556 U.S. at 677; Monell, 436 U.S. at 694; Carter v. Morris, 164 F.3d 215, 220–21 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). As for Lieutenant Travis Robinson, "participation in the administrative remedy proceedings is not the type of personal involvement necessary to state a claim based upon supervisor liability." Abdel–Aziz v. Johns, No. 5:07-CT-3095-FL, 2008 WL 4279696, at *3 (E.D.N.C. Sept. 15, 2008) (unpublished) (collecting cases). Thus, these defendants are dismissed.

Dilworth's claims against Cookson and Trott concerning his placement in segregation and an assault survive frivolity review. See, e.g., Graham v. Connor, 490 U.S. 386, 395 n.10 (1989); Bell, 441 U.S. at 535–39; Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002); Rogers v. Shoaf, Nos. 1:07CV326, 1:07CV327, 2010 WL 2629519, at *10–11 (M.D.N.C. June 28, 2010) (unpublished).

5

Thus, the court allows these claims to proceed.

To the extent Dilworth requests appointment of counsel, no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Dilworth's abilities do not present exceptional circumstances. Accordingly, the court denies Dilworth's request for appointed counsel.

In sum, the court GRANTS Dilworth's motion to amend his complaint to add defendants [D.E. 5] and DISMISSES IN PART Dilworth's complaint [D.E. 1, 5]. Only Dilworth's claims against Officers Cookson and Trott concerning his placement in segregation and an assault may proceed. Defendants McMahon, Travis Robinson, Whitmore, White, Thomas, and Marino are DISMISSED. The court further ORDERS as follows:

1. The clerk shall amend the caption of this case to add 1st Sgt. Whitmore, Lt. R. Johnson, Officer Cookson, Officer Trott, and Marino as defendants, to continue management of the action, and to serve a copy of this order together with the complaint and attachments [D.E. 1, 1-1, 5] and summons on each remaining defendant.

2. Defendants shall have 60 days from service of the complaint to file their answer.

3. The United States Marshal Service shall make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED. This 21 day of July 2014.

JAMES C. DEVER III
Chief United States District Judge