In The United States District Court

For The Eastern District Of North Carolina

Western Division

No. 5:13-CT-3291-D

| | |
|---|---|
| Michael Anthony Dilworth, | ) |
| Plaintiff, | ) MOTION FOR LEAVE TO |
| v. | ) FILE AN AMENDED CLAIM (COMPLAINT) |
| Ed McMahon, et al., | ) |
| Defendants. | ) |

Plaintiff Michael Anthony Dilworth, pursuant to Rules 15(a) and 19(a), Fed. R. Civ. P. request leave to file an amended complaint to include more and different facts.

1. Plaintiff in his original complaint failed to state a claim against Defendants Whitmore and Marino.

2. Since the filing of the complaint the plaintiff has determined that Defendants Whitmore and Marino violated due process by not taking plaintiff to first appearance for 57 days. (holding a warrant arrestee for 57 days without a court appearance despite his daily protests could constitute deliberate indifference and could shock the conscience.) Armstrong v. Squadrito, 152 F.3d 564, 576-79 (7th Cir. 1998) This amends the unstated claim in this matter.

3. Plaintiff in his original complaint failed to state a claim against Defendants White and Thomas.

4. Since filing of the complaint the plaintiff has determined that Defendants White and Thomas

violated due process by failing to protect plaintiff from assault by another prisoner. (duty to protect against assault by other prisoners)(<u>Sanchez v. State of New York</u>, 99 N.Y. 2d 247, 252, 784 N.E.2d 675, 754 N.Y.S. 2d 621 (New York 2002) This amends the unstated claim in this matter.

5. Plaintiff in his original complaint failed to state a claim against Defendant McMahon.

6. Since the filing of the complaint the plaintiff has determined that Defendant McMahon violated due process by failing to supervise and control subordinates even though he was not directly involved in the misconduct. (Although "Sheriff" did not commit due process violations, he became responsible for them when he failed to correct them in the course of his supervisory responsibilities ... A supervisor who learns of a constitutional violation through a report or appeal may be held liable for failing to correct it.) (<u>Williams v. Smith</u>, 781 F.2d 319, 323-24 (2d Cir. 1986)); ("Sheriff" could be held liable if he accepted a policy or custom of due process denials in disciplinary hearings) (<u>Williams</u>, 781 F.2d at 325); (<u>Hicks v. Frey</u>, 992 F.2d 1450, 1455 (6th Cir. 1993). This amends the unstated claim in this matter.

7. Plaintiff in his original complaint failed to state a claim against Defendant Lieutenant Travis Robinson.

8. Since filing the complaint the plaintiff has determined that Defendant Lieutenant Travis Robinson violated due process when plaintiff sought help from him about conditions of segregation and he did not help plaintiff or exercise his authority to investigate and rectify the problem. (Prison administrators are liable for deliberate indifferences when they knowingly fail to respond to an inmates request for help.) (<u>Jett v. Penner</u>, 439 F.3d 1091, 1098 (9th Cir. 2006)); ([A] prison official's knowledge of prison conditions learned from an inmate's

communication can... require the officer to exercise his authority and take needed action to investigate and if necessary rectify the offending conditions) (Reed v. McBride, 178 F.3d 849, 854 (7th Cir. 1999)) This amends the unstated claim in this matter.

9. In the matter of Defendant Fales paragraph #18 in plaintiff's original complaint the Court failed to mention it in it's Order. Plaintiff will take this a failing to state a claim and amend as follows.

10. Defendant Fales violated due process by failing to conduct a minimal investigation and adopting the report of staff members with no further explaination in two 45 days disciplinary punishments with no hearings against plaintiff in the matters concerning D. Smith, Defendant Cookson, and Defendant Trott. (Several courts have held that the practice of simply adopting the report of staff members with no further explaination denies due process.) (Scrugg v. Jordan, 485 F.3d 934, 941 (7th Cir. 2007); (... other high level prison officials who are designated to decide disciplinary appeals have the duty to conduct at least a "minimal investigation" when confronted with evidence of due process violations and they may be held liable for failing to perform this duty) (Sira v. Morton, 380 F.3d 57, 80 (2d Cir. 2004). This amends the unmentioned claim.

In conclusion, plaintiff seeks to amend his original complaint as forementioned and to receive any other relief as this Honorable Court deems fair and just.

I declare under the penalty of perjury that the foregoing motion is true and correct.

signed: Mile Anthony Alwoth     date: 7-31-14