IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CT-3291-D

| | |
|---|---|
| MICHAEL ANTHONY DILWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ED MCMAHON, et al., ) | |
| ) | |
| Defendants. ) | |

On November 25, 2013, Michael Anthony Dilworth ("Dilworth" or "plaintiff"), a former pretrial detainee proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 [D.E. 1], together with several attachments [D.E. 1-1]. On May 15, 2014, Dilworth moved to amend his complaint to include additional defendants [D.E. 5]. On July 21, 2014, the court reviewed all of Dilworth's filings pursuant to 28 U.S.C. § 1915A, dismissed several claims and defendants, and allowed Dilworth to proceed with his complaint in part [D.E. 6].

On July 25, 2014, all remaining defendants were served. See [D.E. 9]. On July 31, 2014, Dilworth moved for production of documents [D.E. 8]. On August 5, 2014, Dilworth filed a motion to amend [D.E. 10], which the court construes as a motion for reconsideration. On August 7, 2014, the remaining defendants moved for clarification [D.E. 18] and for an extension of time in which to answer the complaint [D.E. 19].

As for Dilworth's motion for reconsideration, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003); see Fed. R. Civ. P. 54(b). "Motions for reconsideration of interlocutory

orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment," but are "committed to the discretion of the district court." Am. Canoe Ass'n, 326 F.3d at 514–15.

Dilworth attempts to restate his dismissed claims in order to alter the court's conclusion as to their merits. Dilworth's amended allegations do not alter the court's conclusion as to the merits of these claims. The court has considered the cases Dilworth cites and finds them distinguishable. Thus, the court denies Dilworth's motion for reconsideration.

Alternatively, to the extent Dilworth's motion seeks to amend his complaint, Dilworth has already amended his complaint. Thus, he must seek either the written consent of the opposing party or leave of court. See Fed. R. Civ. P. 15(a)(2). A court should freely grant leave to amend a complaint or answer unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quotation omitted); see Foman v. Davis, 371 U.S. 178, 182 (1962). The court has reviewed Dilworth's proposed amendments pursuant to 28 U.S.C. § 1915(e)(2)(B) and finds that they fail to state a claim. Thus, the court denies the motion to amend as futile.

As for defendants' motion for clarification, the court's prior order did not fully describe the remaining claims. As the court noted, [D.E. 6] 5–6, Dilworth may proceed with his claims against Cookson and Trott concerning his placement in segregation and an assault. Dilworth alleges that defendants Adams and R. Johnson placed him in disciplinary segregation without due process, and connects defendant Fales with the alleged due process violations. Compl. [D.E. 1] 4; [D.E. 5] 1. As for defendant L. Robinson, Dilworth states that the segregation housing unit contained "psychotic prisoners" and describes the conditions of the housing unit as unsanitary and "causing sleep

2

deprivation" due to "pandemonium and bedlam." Compl. 3–4. Dilworth complained to defendant L. Robinson about the housing conditions "but [Robinson] never did anything about it" other than speaking to a sergeant. Id. 4; [D.E. 1-1] 8.

As for plaintiff's motion for production of documents [D.E. 8], the court denies the motion without prejudice. Discovery materials, including requests for documents, are not to be filed with the court unless by court order or for use in the proceedings, such as to support a motion to compel. Local Civil Rule 26.1(a). Thus, Dilworth will need to submit future discovery requests directly to counsel for defendants.

In sum, the court DENIES plaintiff's motions [D.E. 8, 10]. The court REFERS this matter to Magistrate Judge Robert B. Jones, Jr. for entry of a scheduling order to include a succinct period for discovery, and a deadline for answering the complaint.

SO ORDERED. This **28** day of August 2014.

JAMES C. DEVER III
Chief United States District Judge

3

Case 5:13-ct-03291-D   Document 20   Filed 08/28/14   Page 3 of 3