In The United States District Court
For The Eastern District Of North Carolina
Western Division
File No. 5:13 CT 3291-D

FILED
OCT 07 2014
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Michael Anthony Dilworth, )
    Plaintiff, )
    v. ) RESPONSE TO ANSWER AND DEFENSES
Ed McMahon, et al, )
    Defendants )

Now comes Plaintiff, pro se, responding to Defendants' Answer and Defenses against allegations raised in Plaintiff's Complaint and hereby allege as follows:

## ARGUMENT

### POINT ONE

### DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity protects officials from damage liability in federal civil rights claims unless they violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 817-19, 102 S.Ct. 2727 (1982)

Under this objective standard, it is not a defense that officials did not actually know what the law required. Chandler v. Baird, 926 F.2d 1057, 1060 (11th Cir. 1991)

Qualified immunity only applies to officials sued in their individual capacities for money damages. It does not protect municipalities or officials sued in their official capacities. Leatherman v. Tarrant County Narcotics Intelligence And Coordination Unit, 507 U.S. 163, 166-67, 113 S.Ct. 1160 (1993)

This is true even if the defendants are immune in their individual capacities. See, e.g., Clark v. Tinnin, 731 F.Supp. 998, 1007 (D. Colo. 1990)

In re Allen, 106 F.3d 582, 592-97 (4th Cir. 1997) (official who acts completely outside the scope of her authority as clearly limited by statutes and regulations is not entitle to immunity.)

... plaintiff must plead a violation of clearly established federal law in the first place. Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985)

... Supreme Court cases says a complaint must "contain sufficient factual matter ... to state a claim of relief that is plausible on its face" which is accomplished when the plaintiff pleads factual content that allows the court to draw the reasonable inferences that the defendant is liable for misconduct alleged. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)

The Fourth Circuit places the burden on the plaintiff to show constitutional violation, while the defendant bear the burden of proving the law was not sufficiently clear. See Henry v. Purnell, 501 F.3d 374, 377-78 (4th Cir. 2007)

Discovery is to be stayed until the immunity issue is decided, except to the extent that discovery is neccessary to present immunity question. Crawford-El v. Britton, 523 U.S. 574, 598 118 S.Ct. 184 (1998)

"We repeatedly have stress the importance of resolving immunity questions at earliest possible stage in litigation. See Hunter v. Bryant, 502 U.S. 224, 277 (1991) (per curiam)

Qualified immunity denied when violations were "of such shocking nature that no reasonable man could have believed they were constitutional." Landman v. Royster, 354 F.Supp. 1292, 1318 (E.D. Va. 1973)

... Most courts will submit the factual issue to the jury to decide qualified immunity based on the jury's factual findings. Willingham v. Crooke, 412 F.3d 553, 559-60 (4th Cir. 2005)


Plaintiff has already crossed the hurdle of establishing violation of federal law on the face of the complaint that passed the screening process and frivoity test. The Defendants have to prove the law was not sufficiently clear. Discovery will prove beyond the preponderance of the evidence that Defendants did in fact violate federal laws and constitutional rights.

(2)

## POINT TWO
### DEFENDANTS ARE NOT ENTITLED TO SOVEREIGN/GOVERNMENTAL IMMUNITY

Local governments and their agencies are not protected by the Eleventh Amendment even in damage suits. Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690 n. 54, 98 S.Ct. 2018 (1978)

New Hanover County Detention Facility is a local government agency proven by their legal representation in suit by a private law firm instead of state attorney general.

## POINT THREE
### DEFENDANTS' ACTIONS WERE NOT IN FURTHERANCE OF LEGITIMATE PENOLOGICAL INTERESTS

Plaintiff must show that officers' use of force was intended as punishment, was not merely an incident of some other legitimate purpose and the resulting injury was more than de minimis. Simms v. Hardesty, 303 F. Supp. 2d 656, 667-68 (D. Md. 2003) aff'd, 104 Fed. App'x 853 (4th Cir. 2004)

To determine whether a particular restriction imposed on a pretrial detainee comports with due process, a court must determine whether the restriction is punitive or reasonably related to legitimate and nonpunitive governmental purpose. See Wolfish, 441 U.S. at 538-39

Courts should typically defer to prison officials when determining whether a particular regulation is reasonably related to a legitimate interest other than punishment. Mitchell v. Aluisi, 872 F.2d 577, 581 (4th Cir. 1989)

Due Process Clause affords protection to pretrial detainees "at least as great as the eighth amendment protections available to convicted prisoners." Slade v. Hampton Rds. Regional Jail, 407 F.3d 243, 250 (4th Cir. 2005)

Due Process Clause prohibits punishment of pretrial detainees and protects them from excessive force that amounts to punishment. See Wolfish, 441 U.S. 535-39

A mutual physical confrontation not using a weapon between Plaintiff and Cookson where Plaintiff had to protect himself is not in furtherance of legitimate penological interests. And then to be placed in punitive segregation without a hearing by Captain Adams and Lt. R. Johnson and to have it upheld by Lt. Fales violates due process with no legitimate penological interest. And while in punitive segregation to be intentionally housed with psychotic prisoners that caused unsanitary conditions, pandemoneum and bedlam causing sleep deprivation and when grieved to Lt. L. Robinson and completely ignored did not satisfy legitimate penological interests.

## POINT FOUR
### PLAINTIFF'S CONDUCT DID NOT CONTRIBUTE TO DEFENDANTS' ACTS

Verbal provocation does not excuse physical assault by law enforcement officer. U.S. v. Cobb, 905, F.2d 784 (4th Cir. 1990)

The Supreme Court stated that "the Due Process Clause protects a pretrial detainee from the use of force that amounts to punishment." Graham v. Conner, 490 U.S. 386, 395 n.10, 109 S.Ct. 1865 (1989).

"Actual injury... physical or otherwise" will support a Fourth Amendment claim. Bibum v. Prince George's County, 85 F.Supp. 2d 557, 563 (D. MD. 2000)

Plaintiff acted as any reasonable person would. Defendants' conduct in all of Plaintiff's claims is the core of multiple constitutional violations.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' ANSWERS and DEFENSES and order mediation for settlement or move forward with discovery and trial.

October 2, 2014 and respectfully submitted by *Michael Anthony Dilworth*

Michael Anthony Dilworth

P.O. Box 2405

Marion, NC 28752

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing response by depositing said copy in the U.S. Mail properly addressed with adequate postage to:

Scott C. Hart

Sumrell, Sugg, Carmichael, Hicks and Hart, P.A.

P.O. Drawer 889

New Bern, NC 28563

I declare under the penalty of perjury that the foregoing is true and correct.

date: 10-2-14

signed: *Michael Anthony Dilworth*